IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 95-31195

Summary Calendar

---

Nelson Guillory,

Plaintiff-Appellant,

versus

Shirley S. Chater,

Defendant-Appellee.

---

Appeal from the United States District Court
For the Western District of Louisiana
94-CV-830

---

June 18, 1996

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

The extraordinary and unnecessarily tortured procedural history of this case is described in full in the opinion by the magistrate judge below. Reduced to its essence, this case is simple one. The plaintiff, Nelson Guillory, at various times sought a ruling from the Administrator that he was entitled to retroactive disability benefits calculated in accordance with a 1983 onset date. On May 23, 1991, he was successful. An

---

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

administrative law judge found that he was "entitled to a period of disability commencing August 27, 1983, and to disability insurance benefits under sections 216(i) and 223, respectively, of the Social Security Act."  This ALJ decision has not been reviewed or challenged in any way, shape, or form.

Despite the ALJ decision, the Administrator sent plaintiff notice that it intended to pay him retroactive benefits in an amount calculated with an onset date of 1989.  The record and briefs do not disclose why the Administrator sought to readdress an issue the ALJ had apparently already decided.  When plaintiff requested reconsideration of this notice, the Administrator sat on the request for reconsiration for 33 months, despite several letters from plaintiff's counsel.  Despairing of further action, plaintiff filed suit.

We affirm the order of the court below on the ground that the plaintiff has shown no irreparable harm, at least not yet.  The plaintiff is currently receiving benefits and therefore will not suffer the type of irreparable harm normally considered sufficient to support the imposition of a "waiver" of the exhaustion requirement upon the Administrator.  Unlike Bowen v. City of New York, 476 U.S. 467, 483 (1986), upon which Guillory principally relies, there is no specter that the plaintiff will suffer the irreparable harms associated with having the benefits upon which he depends for life's basic necessities wrongfully cut off.  Cf. Schoolcraft v. Sullivan, 971 F.2d 81, 86 (8th Cir. 1992).  Nor is

2

there any allegation that the Administrator's actions in this case spring from a "systemwide, unrevealed policy."  476 U.S. at 485.

We cannot ignore the extraordinary nature of the Administrator's treatment of this case.  Although we express no view on whether the plaintiff has met the waiver requirement that his claim be collateral to the merits of his application for benefits, we note that Guillory does not argue in this litigation that the relevant regulations entitle him to benefits dating back to 1983.  Rather, his argument in this litigation is that the ALJ already decided that issue, and that the Administrator has failed to abide by that decision, which Guillory labels final and binding.

If Guillory is right, we are confident that the Administrator will reach the correct decision with greater dispatch than she has shown thus far, since an examination of Guillory's medical condition would be unnecessary.  If Guillory is incorrect, then the Adminstrator will have to look once again into Guillory's condition and the relevant regulations, and further proceedings before the Administrator will be valuable.  Thus, at this time, we also affirm on the ground that exhaustion would not be futile.

We conclude by noting that the Administrator cites no case, and we have found none, holding that we are powerless to find the requirements of the waiver doctrine satisfied solely on the grounds of astonishing delay.  We note also that, at least in other contexts, the federal courts are open to those alleging that an agency decision has been delayed so long as to merit the

3

extraordinary relief of a writ of mandamus directing the agency to resolve the issue with dispatch. See, e.g., Telecommunications Research & Action Center v. FCC, 750 F.2d 70 (D.C. Cir. 1984). The plaintiff has not sought such a remedy on this appeal, and so we do not address this issue. We are confident that the Administrator will process the plaintiff's claims with the speed to which he is by now surely entitled.

AFFIRMED.